# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| 1) UNITED STATES OF AMERICA, | ) |
|       Plaintiff, | ) |
| -vs- | )  No. CIV-23-30-G |
| 2) $10,125.00 IN UNITED STATES CURRENCY, | ) |
|       Defendant. | ) |

## VERIFIED COMPLAINT FOR FORFEITURE *IN REM*

The United States of America brings this complaint and, in accordance with Supplemental Rule G(2) of the Federal Rules of Civil Procedure, alleges the following:

## NATURE OF THE ACTION

1. Plaintiff, United States of America, alleges for this *in rem* forfeiture action brought against United States currency in the amount $10,125.00, ("Defendant Currency") that Defendant Currency is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6) for violations of 21 U.S.C. §§ 841 and 846.

## THE DEFENDANT *IN REM*

2. Defendant Currency consists of $10,125.00 in United States Currency seized by the Oklahoma City Police Department (OCPD) during a traffic stop at the intersection of SW 25th Street and Pennsylvania Avenue, in Oklahoma City, Oklahoma, on May 25, 2021. The traffic stop occurred within the Western District of Oklahoma.

3. On May 25, 2021, Defendant Currency was adopted by the Drug Enforcement Administration (DEA) and is currently in the custody of the United States Marshal's Service (USMS) within the Western District of Oklahoma, where it shall remain subject to this Court's jurisdiction during the pendency of this action.

4. On June 13, 2022, Alejandro Maldonado, Jr., filed a claim of ownership to Defendant Currency with DEA to contest the administrative forfeiture of the Defendant *in rem*.

## JURISDICTION AND VENUE

5. Plaintiff brings this action *in rem* to forfeit and condemn Defendant Currency. This Court has jurisdiction over an action commenced by the United States under 28 U.S.C. § 1345, and the Court has jurisdiction over a civil forfeiture action under 28 U.S.C. § 1355(a).

6. This Court has *in rem* jurisdiction over Defendant Currency according to 28 U.S.C. § 1355(b), providing that a forfeiture action or proceeding may be brought in the district in which any of the acts or omissions giving rise to the forfeiture occurred.

7. Venue is proper in this district pursuant to 21 U.S.C. § 881(j) and 28 U.S.C. § 1355(b)(1) because the acts or omissions giving rise to the forfeiture occurred in this district. Furthermore, venue is also proper here pursuant to 28 U.S.C. § 1395, because the property is located in this district.

## BASIS FOR FORFEITURE

8. The United States alleges that Defendant Currency is subject to forfeiture to the United States because it is the proceeds of criminal activity. Specifically, the United

States alleges that Defendant Currency is forfeitable to the United States under 21 U.S.C. § 881(a)(6) for violations of 21 U.S.C §§ 841 and 846.

9. Title 21, United States Code, Section 881(a)(6) provides the following shall be subject to forfeiture to the United States and no property right shall exist in them:

> All moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of this subchapter, all proceeds traceable to such an exchange, and all moneys, negotiable instruments, and securities used or intended to be used to facilitate any violation of this subchapter.

10. Title 21, United States Code, Section 841 makes it a crime for any person to knowingly possess a controlled substance with intent to distribute that controlled substance.

11. Title 21, United States Code, Section 846 makes it a crime to conspire to violate a provision of Title 21. That is, Section 846 provides that any person who attempts or conspires to commit any offense defined in that subchapter shall be subject to the same penalties as those prescribed for the offense, the commission of which was the object of the attempt or conspiracy.

**FACTS**

12. In the early evening of May 25, 2021, DEA Oklahoma City District Office (OCDO) Task Force Group agents and OCPD Santa Fe Impact officers prepared to conduct

a controlled purchase of one pound of methamphetamine from Rodolfo Quintero (Quintero) facilitated by an OCPD confidential source (CS).[1]

13. On May 25, 2021, at approximately 5:43 p.m., DEA agents established surveillance at a residence at 4702 S. Agnew Avenue, Oklahoma City, Oklahoma, which had been previously identified as a location utilized by targets of this investigation. At that time, DEA SA Michael Dent observed a gold Mercury Villager sedan registered to Quintero parked in the driveway of the residence.[2]

14. At approximately 5:55 p.m., SA Dent observed a white male with a neck tattoo wearing a grey shirt and blue jeans – later identified as T.H. – enter the driver's seat of the Mercury and depart the area. Additional agents following the vehicle observed it arrive at 5:58 p.m. in the parking lot of Tortilleria La Espiga located at 4732 S. Pennsylvania Avenue, Oklahoma City, Oklahoma, where it remained until departing at

---

[1] The facts of the case described herein have been provided by agents of the DEA, who have further advised that CS voluntarily agreed to assist law enforcement regarding this investigation and that CS has agreed to testify in court regarding this information, if necessary. Law enforcement has advised that CS has prior arrests for drug-related offenses and that CS has received no monetary compensation with regard to his/her cooperation in this case. Law enforcement has advised that the information provided by CS has been corroborated through other investigative techniques, including physical and electronic surveillance and consensually recorded conversations. Law enforcement has advised that information provided by CS has been reliable and that the agents investigating this matter are unaware of any false information furnished by CS. Law enforcement advised that information herein attributed to CS, unless otherwise noted, was obtained by CS through his/her personal observations and/or conversations with targets of this investigation and their associates.

[2] Checks through law enforcement indices demonstrate that Oklahoma License Plate (OKLP) JGV143, which was affixed to the van, is assigned to a 2004 Mercury registered to Rodolfo Quintero at 2117 SW 47th Street, Apartment 3A, Oklahoma City, Oklahoma.

6:24 p.m.[3] Agents observed the vehicle return to 4702 S. Agnew Avenue, reentering the residence at approximately 6:28 p.m.

15. At approximately 6:40 p.m., SA Dent observed as T.H. exited the residence carrying a black and yellow bag. T.H. approached the Mercury, opened the driver's door, and sat down inside. Moments later, SA Dent observed the vehicle depart the area.

16. At approximately 6:43 p.m., SA Thomas Gibson observed the Mercury arrive again at the Tortilleria La Espiga, located at 4732 S. Pennsylvania Avenue, and park near a purplish Chevrolet minivan bearing OKLP KTL322. Moments later, Task Force Officer (TFO) Brad Harper observed T.H. exit the Mercury sedan and enter the Chevrolet minivan through the front passenger door carrying the same bag.

17. At approximately 6:44 p.m., TFO Harper observed T.H. exit the passenger side of the Chevrolet minivan and re-enter the driver's seat of the Mercury sedan, still carrying the bag. Agents observed as the Mercury left the parking lot, arriving back at 4702 S. Agnew Avenue at approximately 6:49 p.m. SA Dent watched as T.H. then exited the driver's seat, carrying the same bag, and walked back into the residence. Shortly thereafter, Quintero advised the CS via phone that he was ready to conduct the methamphetamine transaction, which ultimately occurred approximately an hour later.[4] Quintero provided the CS with approximately 447.0 grams of methamphetamine.

---

[3] Agents did not observe T.H. interact with any other individuals during this period.

[4] At approximately 7:40 p.m., agents prepared for the controlled buy of methamphetamine from Quintero by conducting a pre-operational search of the CS and CS vehicle for hidden contraband, weapons, or currency. This search yielded negative results. They then installed audio and video monitoring equipment on the CS's person. Agents

18.     Agents also observed as the Chevrolet minivan left the parking lot of the Tortilleria La Espiga after the meeting with T.H.  At approximately 6:52 p.m., TFO Eddie Fish observed the driver of the Chevrolet perform an improper left turn onto SW 44th Street east of Pennsylvania Avenue.  Based upon this information, OCPD Officer Austin Kitch, in a marked patrol unit, conducted a traffic stop on the Chevrolet near the intersection of SW 25th Street and Pennsylvania Avenue.

19.     The driver and sole occupant of the Chevrolet minivan identified himself as Alejandro Maldonado (Maldonado), stated that he did not have a driver's license, and that he had recently been released from prison.  He was subsequently detained.  While conducting a pat search, Ofc. Kitch located, concealed in the waistband of Maldonado's pants, a loaded Bersa, model Thunder, .380 ACP caliber pistol which appeared to have an altered or removed serial number.  Maldonado was then placed in Ofc. Kitch's patrol car.  During an inventory search of the Chevrolet van, officers found in the driver's door coin compartment area a small quantity – later determined to be 0.61 grams – of a crystalline substance that tested positive for methamphetamine.  They also located a total of $10,125.00 in U.S. currency in the vehicle.  Significantly, approximately $7,000.00 of

---

also counted and re-counted the official advanced funds (OAF) before providing it to the CS.  As agents observed, at approximately 7:47 p.m., the CS arrived at 4702 S. Agnew Avenue in the CS vehicle and entered the residence through the front door.  While inside, CS provided the OAF in exchange for drugs, as planned.  At approximately 8:00 p.m., the agents observed CS exit the residence and drive away from the area in the CS vehicle.  Minutes later, at a neutral location, agents took custody of a clear plastic zip-top bag containing approximately 447.0 grams of a crystalline substance that tested positive for methamphetamine.  A post-operational search of the CS for hidden contraband, weapons, or currency yielded negative results.

the currency was bound together into a brick with tape and was located together with additional currency within a red fanny-pack style pouch. The firearm, methamphetamine, and currency were seized by Ofc. Kitch and transported to OCPD for processing. Maldonado was arrested and transported to the Oklahoma County Detention Center.

20. Based upon their training and experience, agents believe that T.H. drove the Mercury Villager sedan to the parking lot of Tortilleria La Espiga to provide the Defendant Currency to Alejandro Maldonado in order to obtain a quantity of methamphetamine. There, Alejandro Maldonado provided T.H. with a quantity of methamphetamine in exchange for Defendant Currency. T.H. then returned to 4702 S. Agnew in order to provide that methamphetamine to Rodolfo Quintero, and Quintero in turn contacted the CS to complete a sale of methamphetamine, which occurred the same evening. Alejandro Maldonado was in possession of Defendant Currency, proceeds of the sale of methamphetamine, when he was apprehended by law enforcement. All of this was in violation of 21 U.S.C §§ 841 and 846, and therefore, United States alleges that Defendant Currency is subject to forfeiture to the United States because it is the proceeds of criminal activity.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that notice of this action be given to all persons who reasonably appear to be potential claimants of interests in Defendant Currency; that Defendant Currency be forfeited to the United States; that Plaintiff be awarded its costs and disbursements in this action; and the Court order any such other and further relief as this Court deems proper and just.

Respectfully submitted,

ROBERT J. TROESTER
United States Attorney

s/ Danielle M. Connolly
DANIELLE M. CONNOLLY, OBA #33148
Assistant United States Attorney
210 Park Avenue, Suite 400
Oklahoma City, Oklahoma 73102
Office: (405) 553-8793
Fax: (405) 553-8888
danielle.connolly@usdoj.gov