UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,  ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-23-30-G |
| ) | |
| $10,125.00 IN UNITED STATES ) | |
| CURRENCY, ) | |
| ) | |
| Defendant. ) | |

**ORDER**

Now before the Court is Plaintiff United States of America's Motion for Default and Forfeiture Judgment (Doc. No. 10). Plaintiff seeks entry of a default and forfeiture judgment against Defendant $10,125.00 in United States Currency ("Defendant Currency") and all persons or entities that might claim an interest in Defendant Currency. For the reasons stated below, the Court finds that a default and forfeiture judgment should be entered.

*I.     Background*

Plaintiff filed its Verified Complaint for Forfeiture In Rem against Defendant Currency on January 10, 2023. *See* Compl. (Doc. No. 1). The Court issued a Warrant for Arrest In Rem on January 24, 2023. *See* Doc. No. 4. The record reflects that Plaintiff served Defendant Currency with a copy of the Complaint, Notice of Forfeiture Action, and Warrant for Arrest In Rem on January 26, 2023. *See* Doc. No. 5. Pursuant to Rule G(4) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions ("Supplemental Rules"), notice of this civil forfeiture action was posted on an official

government internet site (www.forfeiture.gov) for at least 30 consecutive days beginning on March 14, 2023, and ending on April 12, 2023. *See* Proof of Publication (Doc. No 7); *id* Exs. 1-3 (Doc. Nos. 7-1, 7-2, 7-3). Additionally, Plaintiff served a copy of the Complaint and Notice of Forfeiture Action by certified mail on the following: a) Alejandro Maldonado, potential claimant; b) Mark Henricksen, Esq., possible representation for potential claimant; and c) Omar Rangel, potential claimant. *See* Doc. No. 6.

The time provided in Rules C(6) and G(5) of the Supplemental Rules for these potential claimants to answer or file claims regarding Defendant Currency has expired, and the Clerk has entered default against them pursuant to Federal Rule of Civil Procedure 55(a). *See* Clerk's Entry of Default (Doc. No. 9). Further, no other person or entity has asserted a claim or filed an answer within the specified time, and Plaintiff states that it is unaware of any other person or entity with a possible ownership interest in Defendant Currency. *See* Pl.'s Mot. Default J. (Doc. No. 10) at 2. Plaintiff now seeks entry of a default judgment pursuant to Federal Rule of Civil Procedure 55(b) against Defendant Currency. *See id.* at 1-4.

    II.    Discussion

        A.    *Procedural Requirements for Entry of Default Judgment*

The record reflects that Defendant has failed to answer or plead, that default was entered by the Clerk, and that Plaintiff's Motion complies with Local Civil Rule 55.1. *See* Pl.'s Mot. Default J. at 3. Accordingly, Plaintiff has satisfied the procedural requirements for entry of a default judgment. *See* Fed. R. Civ. P. 55(b); LCvR 55.1; *see also Tabb v. Mentor Prot. Serv. LLC*, No. CIV-17-1130-D, 2018 WL 3213622, at *1 (W.D. Okla. June

29, 2018).

*B. Plaintiff's Allegations*

The entry of a default judgment "is committed to the sound discretion of the district court." *Tripodi v. Welch*, 810 F.3d 761, 764 (10th Cir. 2016). "Default judgments are generally disfavored in light of the policy that cases should be tried upon their merits whenever reasonably possible. Nonetheless, default judgment is viewed as a reasonable remedy when the adversary process has been halted because of an essentially unresponsive party." *Tabb*, 2018 WL 3213622, at *1 (citing *In re Rains*, 946 F.2d 731, 732 (10th Cir. 1991)).

Because a default has been entered, Plaintiff is "relieved . . . from having to prove the complaint's factual allegations." *Tripodi*, 810 F.3d at 765; *see also United States v. Craighead*, 176 F. App'x 922, 924 (10th Cir. 2006) ("The defendant, by his default, admits the plaintiff's well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the facts thus established." (internal quotation marks omitted)). Even after default, however, "it remains for the court to consider whether the unchallenged facts constitute a legitimate basis for the entry of a judgment since a party in default does not admit conclusions of law." *Mathiason v. Aquinas Home Health Care, Inc.*, 187 F. Supp. 3d 1269, 1274 (D. Kan. 2016) (internal quotation marks omitted).

In the Complaint, Plaintiff represents that Defendant Currency was seized by the Oklahoma City Police Department ("OCPD") during a traffic stop occurring within the Western District of Oklahoma on May 25, 2021. *See* Compl. ¶ 2. The Complaint alleges specific facts supporting that Defendant Currency was the proceeds of the sale of

methamphetamine in violation of 21 U.S.C §§ 841 and 846 and therefore is subject to forfeiture.  *See id.* ¶¶ 8-20.

    *C. Relief Requested*

Plaintiff now requests that the Court enter a judgment against Defendant Currency. *See* Pl.'s Mot. Default J. at 4.  Specifically, Plaintiff requests that the Court enter a forfeiture judgment declaring that any and all right, title, or interest in and to Defendant Currency be forfeited to the United States; vesting full right, title, and interest in Defendant Currency in the United States; and directing the United States Marshals Service to dispose of the property according to law.  *Id.*

Based on the record, the Court finds that Defendant Currency, as the proceeds of criminal activity, is subject to forfeiture under 21 U.S.C. § 881(a)(6) and that Plaintiff is entitled to the relief requested.

## CONCLUSION

Accordingly, Plaintiff's Motion for Default and Forfeiture Judgment (Doc. No. 10) is GRANTED as set forth herein.  A separate default and forfeiture judgment shall be entered.

IT IS SO ORDERED this 7th day of August, 2024.

*[signature: Charles B. Goodwin]*
CHARLES B. GOODWIN
United States District Judge